UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61801-CIV-/GARBER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRITZ POGNON,

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on plaintiff United States of America's Motion for Summary Judgment [DE 25]. The Court has also received defendant Fritz Pognon's "Motion" in Opposition to Plaintiff's Motion for Summary Judgment [DE 28] and the United States' Reply to Defendant's Response [DE 29]. The parties have consented to this Court's exercise of jurisdiction pursuant to 28 U.S.C. § 636(c). Upon consideration of the briefs, attachments to the briefs, and all other pertinent pleadings, the Court GRANTS the United States' Motion for Summary Judgment.

1.    Background

The United States is seeking to recover money due from Pognon after he defaulted on a federally guaranteed student loan. (DE 25 at 1-2). Both parties agree that, in 1986, Pognon executed a promissory note to secure a loan from Florida Federal Savings & Loan for $2,500.00. (DE 25-1, 25-3, and DE 28). The United States alleges that Pognon defaulted on the loan in 1988, prompting the loan guarantor, the Florida Department of Education, to pay the lender and then take ownership of the loan. (DE 1 at 4). The loan was then assigned to the United States Department of Education in 1995. Id. Since the assignment, the Department of Education maintains that it has only received

$62.64 in payments on the loan.  Id.  The United States asserts that, as of July 24, 2009, Pognon owed $6,898.11 ($2,594.23 in principal; $4,283.88 in interest; and $20.00 in process service fees). (DE 25-1 at 5).  Pognon claims that he consolidated the loan, along with three others, which were all then paid in full in 1992.  (DE 4 at 1; DE 28 at 6).

2.      Standard of Review:

Under the Federal Rules of Civil Procedure, summary judgment should be granted if the pleadings, discovery materials, and affidavits on file "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). If the movant succeeds in demonstrating that there is no genuine issue as to any material fact, the burden shifts to the non-moving party to show that specific facts exist that raise a genuine issue for trial. Dietz v. Smithkline Beecham Corp., 598 F.3d 812, 815 (11th Cir. 2010).  The party opposing the motion "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  Summary judgment will therefore be proper where the non-moving party has failed to make a sufficient showing of an essential element of its case which it has the burden of proving. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A "mere suspicion or scintilla of evidence," however, is insufficient–the non-moving party must produce "substantial evidence" in order to defeat a motion for summary judgment. Marcus v. St. Paul Fire and Marine Ins. Co, 651 F.2d 379, 382 (5th Cir. 1981).  In considering whether the government is entitled to summary judgment, the Court, as it must, has viewed the facts in the light most favorable to Pognon, the non-moving party. Comer v. City of Palm Bay, 265 F.3d 1186, 1192 (11th Cir. 2001).  Despite viewing the facts in the light most favorable to Pognon, the Court finds that the evidence does not present a disagreement that requires submission to a fact-finder

but rather is "so one-sided" that the United States must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

3.      The Plaintiff's Promissory Note Claim:

To establish its prima facie case, the government must show that: (1) Pognon signed the promissory note; (2) the United States is the present holder or owner of the note; and (3) that the note is currently in default. United States v. Calzon, 2009 WL 1585983, at *3 (S.D. Fla. 2009) (quoting United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)). The United States has: (1) presented the Court with the signed promissory note (e.g., DE 1-8 and DE 25-2) and established by a Certificate of Indebtedness (DE 1 at 7) and an affidavit of a Department of Education loan analyst (DE 1 at 4-5) that both (2) the United States is the present holder or owner of the note and that (3) Pognon has defaulted on the loan. The government's prima facie case was therefore sufficiently established. See United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975) (determining that a prima facie case had been established where the plaintiff creditor had introduced the note, the guaranty, and a sworn transcript of account) (internal citation omitted).

4.      The Defendant's Opposition:

   a.      The Defendant Claims to Have Satisfied the Loan:

Since the United States has established its prima facie case and adequately supported its motion, the burden then shifts to Pognon to produce substantial evidence that specific facts exist that would raise a genuine issue for trial. Dietz, 598 F.3d at 815. Pognon does not dispute that he signed the note, nor does he dispute that the United States is the holder of the note. Pognon's defense, rather, is that he satisfied the loan. In his affidavit he claims to have consolidated, in 1992, the Florida Federal Savings & Loan debt with three other student loans. (DE 28 at 6). The signed Loan

Consolidation Application and Promissory Note, signed by Pognon, that he provided to the government through the discovery process shows, however, that this particular loan was not actually included in that process. (DE 25-5). Pognon has not produced any evidence to rebut the Loan Consolidation Application form that the United States attached to its motion for summary judgment nor has he even proposed that that document is in some way inaccurate. And though Pognon claims to "have submitted all of [his] records to establish" payment, the only record he submitted to the Court, in his answer to the complaint, was evidence that he satisfied the note on the three consolidated loans, but not the Florida Federal Savings & Loan note. (DE 28 at 6 and DE 4 at 3-4).

The issue then is whether Pognon's affidavit testimony, that the loan was consolidated and then paid in full, is enough to oppose the government's motion for summary judgment. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation omitted). Pognon's affidavit testimony here is merely a conclusory allegation, lacking specific supporting facts and therefore has, at most, a scintilla of probative value. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) (noting that conclusory allegations that lack specific supporting facts do not have probative value). Further, Pognon's affidavit testimony that the loan was consolidated and thereafter satisfied is directly contradicted by the Loan Consolidation Application form that he himself supplied to opposing counsel during the discovery process. As such, even his genuine belief that the loan was consolidated and thereafter satisfied is not enough to defeat the United States' motion. Taken as a whole then, the record could not lead a rational trier of fact to find for Pognon. See Matsushita, 475 U.S. at 587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there

is no genuine issue for trial.") (internal quotation omitted); see also McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003) (finding that an affidavit that is submitted solely for the purpose of opposing a motion for summary judgment and that merely contradicts, without explanation, previously supplied testimony, can be disregarded) (internal quotation and emphasis omitted).

      b.    Statute of Limitations Assertion:

To the extent that Pognon is asserting a statute of limitations defense, 20 U.S.C. § 1091a(a) eliminated all time limitations on actions to enforce the repayment of student loans. Nor can a defense of laches be sustained to bar the government's claim. E.g., United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001) ("[Section] 1091a extends to eliminate the equitable defense of laches."); United States v. Menatos, 925 F.2d 333, 335 (9th Cir. 1991). Thus Pognon's claims that he has been startled by the government's allegations, blind-sided by the debt, and unfairly harassed by this action are unavailing.

5.    Conclusion:

Accordingly, for the reasons set forth above, the Court hereby

ORDERS that the government's Motion for Summary Judgment is GRANTED. It is further

ORDERED that judgment shall be entered for the plaintiff in the amount of $6,878.11[1] plus prejudgment interest dating from July 24, 2009 through the date of this judgment at the rate of 9% per annum, pursuant to the terms of the promissory note. Any claim for costs and expenses, including attorneys' fees, must be filed as a separate motion.

---

[1] Pognon complained in his response to the motion for summary judgment that the government's interest calculation was incorrect. (DE 28 at 3). Other than this conclusory statement, however, he did not set forth any specific facts rebutting the calculation.

DONE AND ORDERED in Chambers at Miami, Florida this 27th day of September, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE